[Cite as *State v. Wood*, 2022-Ohio-2548.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2021 CA 00082 |
| TAYLOR E. WOOD | |
| | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                 Pleas, Case No. 2021 CR 00105


JUDGMENT:                        Affirmed


DATE OF JUDGMENT ENTRY:          July 25, 2022


APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee

WILLIAM C. HAYES                           APRIL F. CAMPBELL
PROSECUTING ATTORNEY                       CAMPBELL LAW, LLC
J. BRANDON PIGG                            46-1/2 N. Sandusky Street
ASSISTANT PROSECUTOR                       Delaware, Ohio  43015
20 South Second Street, Fourth Floor
Newark, Ohio  43055

*Wise, J.*

**{¶1}** Appellant, State of Ohio, appeals the judgment of the Licking County Court of Common Pleas granting the motion to suppress evidence. Appellee is Taylor Wood. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On May 20, 2021, Appellee was indicted on one count of Possession of Fentanyl-Related Compound in violation of R.C. §2925.11(A) & (C)(11)(e), one count of Trafficking in Fentanyl-Related Compound in violation of R.C. §2925.11(A)(2) & (C)(9)(f), one count of Aggravated Possession of Methamphetamine in violation of R.C. §2925.11(A) & (C)(1)(c), and one count of Aggravated Trafficking in Methamphetamine in violation of R.C. §2925.11(A)(2) & (C)(1)(d).

**{¶3}** On July 12, 2021, Appellee filed a motion to suppress all evidence seized as a result of a traffic stop occurring on December 10, 2020.

**{¶4}** The trial court held a suppression hearing on September 29, 2021.

**{¶5}** At the hearing Detective Martens testified that on December 10, 2020 he was employed by the Newark Police Department and assigned to the Central Ohio Drug Task Force.

**{¶6}** On December 10, 2020, Martens received information from another detective that a driver in a Dodge Avenger failed to use a turn signal and made an improper lane change while driving in Newark, Ohio. Martens initiated a traffic stop at 12:58 p.m. Martens identified Appellee as the driver of the Dodge Avenger.

**{¶7}** Martens asked Appellee and passenger, Lynsay Lewis, for identification and proof of insurance. Martens returned to his cruiser with the documents and contacted Detective Vogelmeier, a canine officer.

**{¶8}** At 1:02 p.m. Martens return to Appellee's vehicle to ask for consent to search the car. Appellee denies consent. Martens then walked away from Appellee's vehicle at 1:03 p.m. to stand next to his cruiser to wait for Vogelmeier. About two minutes later Vogelmeier and his dog arrived. Vogelmeier's dog then alerted Vogelmeier of a positive sniff.

**{¶9}** Martens and another officer searched the vehicle retrieving 25.959 grams of fentanyl, 23.167 grams of methamphetamine, and $2,319 in cash.

**{¶10}** Martens also testified he never issued Appellee a traffic citation and could not recall if he issued a written warning. Martens said the only steps he remembered taking were opening up his warning book and laying it on the seat of his cruiser.

**{¶11}** On October 19, 2021, the trial court granted Appellee's Motion to Suppress.

### ASSIGNMENTS OF ERROR

**{¶12}** Appellant filed a timely notice of appeal. He herein raises the following Assignments of Error:

**{¶13}** "I. THE TRIAL COURT ERRED WHEN IT DETERMINED THE DECEMBER 10, 2020 TRAFFIC STOP AND SUBSEQUENT SEARCH OF APPELLEE'S VEHICLE VIOLATED THE FOURTH AMENDMENT AND SUPPRESSED EVIDENCE SEIZED DURING THAT STOP AND SEARCH TO THE PREJUDICE OF STATE [sic]."

**I.**

{¶14} In Appellant's first Assignment of Error, Appellant argues the trial court erred in finding that Detective Martens impermissibly extended the stop in failing to pursue investigating the traffic violation, issuing a citation or written warning for two minutes while waiting for the canine unit to arrive. We disagree.

{¶15} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *See Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.

{¶16} Appellate review of a motion to suppress is a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶8. During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 1996-Ohio-134, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142,145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusions, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 41, 619 N.E.2d 1141 (4th Dist.1993), *overruled on other grounds*, *State v. Gunther*, 4th Dist. Pickaway No. 04CA25, 2005-Ohio-3492, ¶16.

**{¶17}** Three methods exist to challenge a trial court's ruling on a motion to suppress. First, appellant may challenge the trial court's findings of facts. *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Second, appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, the appellate court can reverse the trial court for committing an error of law. *Williams* at 41. Third, appellant may argue the trial court incorrectly decided the ultimate issue raised in the motion to suppress. When addressing the third type of challenge, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case (Citation omitted). *State v. Curry*, 95 Ohio App.3d 93, 96, 641, N.E.2d 1172 (8th Dist.1994).

> When a police officer's objective *justification* to continue detention of a person stopped for a traffic violation for the purpose of searching the person's vehicle is not related to the purpose of the original stop, and when that continued detention is not based on any articulable facts giving rise to a suspicion of some illegal activity justifying an extension of the detention, the continued detention to conduct a search constitutes an illegal seizure. *State v. Robinette*, 80 Ohio St.3d 234, 240, 685 N.E.2d 762, 767 (1997).

**{¶18}** An officer may briefly extend a traffic stop to inquire about the presence of illegal drugs or weapons. *Id*. However, the officer must ascertain reasonably articulable facts giving rise to a suspicion of criminal activity while inquiring to justifying a more in-depth investigation. *Id*. Therefore, "[t]he critical question, then, is not whether the dog sniff occurs before or after the officer issues a ticket … but whether conducting the sniff

'prolongs' – i.e. adds time to- 'the stop'" *Rodriguez v. United States*, 575 U.S. 348, 135 S.Ct. 1609, 191 L.Ed.2d 492 (2015).

**{¶19}** In other words, a motorist may be detained beyond the time frame necessary to conduct the stop for the purposes of the traffic violation when "additional facts are encountered that give rise to a reasonable, articulable suspicion [of criminal activity] beyond that which prompted the initial stop[.]" *State v. Smith*, 117 Ohio App.3d 278, 285, 690 N.E.2d 567 (1st Dist.1996) citing *State v. Myers*, 63 Ohio App.3d 765, 771, 580 N.E.2d 61 (2nd Dist.1990).

**{¶20}** The United States Supreme Court held an officer may not prolong a traffic stop to perform a drug sniff if the "overall duration of the stop remains reasonable in relation to the duration of other stops involving similar circumstances." *Rodriguez* at 1616. However, reasonableness depends on what the police actually do and how they do it. *Id.*

**{¶21}** In *State v. Hall*, 2nd Dist. No. 2016-CA-13, 2017-Ohio-2682, 90 N.E.3d 276, officers confirmed the defendant's identification, then did nothing to process the traffic stop while awaiting the canine unit to arrive. The Second District Court of Appeals found that the officer did nothing for eight minutes to process the traffic stop, and that the officer's inaction was not reasonable or diligent. *Id.* The officer unreasonably prolonged the stop, and the evidence was properly suppressed.

**{¶22}** Similarly, in the case *sub judice*, Martens testified after initiating the traffic stop at 12:58 p.m. he returned to his cruiser to confirm license and registration. While at his cruiser he requested a canine unit and then took out his warning book and set it on the seat of his cruiser. He then returned to Appellee's vehicle and requested consent to search at 1:02 p.m. Appellee denied his request. Martens, after discussing the search

with Appellee, walked away from Appellee's car and waited for two minutes, doing nothing, for the canine unit to arrive. He did not issue a traffic citation and did not recall issuing a warning to Appellee.

{¶23} Therefore, similarly, to *Hall*, Martens acted unreasonably and without diligence by stalling for two minutes without processing the traffic stop to allow for the canine unit to arrive. Waiting for the canine unit to arrive and conduct a sniff indisputably added time to the stop. Therefore, Martens unreasonably prolonged the stop, and the trial court properly suppressed the evidence.

{¶24} Appellants sole Assignment of Error is overruled.

{¶25} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is hereby affirmed.


By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.


JWW/d 0711